# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

## CIVIL CASE NO. 3:09mc05

| | | |
|---|---|---|
| **EMHART INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **NEW ENGLAND CONTAINER** | ) | |
| **COMPANY, INC., PROVIDENCE** | ) | |
| **WASHINGTON INSURANCE** | ) | |
| **COMPANY, and TRAVELERS** | ) | |
| **CASUALTY & SURETY COMPANY**, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Clariant Corporation's

(Clariant) Motions to Quash and for Protective Order [Doc. 1, filed January

14, 2009]; DyStar L.P.'s (DyStar) Motions to Quash and for Protective

Order [Doc. 3, filed January 14, 2009]; DyStar's Supplemental

Memorandum in Support of Its Motions to Quash Subpoena and for

Protective Order [Doc. 11, filed April 17, 2009] and Clariant's Supplemental

Memorandum in Support of Its Motions to Quash Subpoena and for

Protective Order [Doc. 12, filed April 17, 2009].

DyStar and Clariant seek to quash subpoenas which were served by Emhart Industries, Inc. (Emhart) on December 2, 2008. On three occasions, Emhart, DyStar and Clariant jointly moved for an extension of time within which Emhart should respond to the motions while the three entities cooperated in reviewing and disclosing discovery. Each time the three advised the Court that they wished to resolve the matter without further court involvement. [Doc. 5, filed January 30, 2009; Doc. 7, filed February 27, 2009; Doc. 9, filed March 16, 2009]. The joint motions were granted on three occasions. [Doc. 6, filed February 3, 2009; Doc. 8, filed March 3, 2009; Doc. 10, filed March 20, 2009]. In the Order granting the last extension, it was noted that the parties had worked to resolve this matter without further court intervention but it was also made clear that "no further extensions will be granted." [Doc. 10, at 2]. In fact, Emhart was specifically advised that it had an extension through April 17, 2009 to file its response to the motions to quash and for protective orders. [Id].

Despite this explicit deadline, Emhart, which has previously appeared in the cause, did not file any response to the motions. The Court has reviewed the motions to quash as well as the supplements to the motions and finds that they should be granted. Fed.R.Civ.P. 45(c)(3)(A) ("On timely motion, the issuing court must quash ... a subpoena that ... subjects a

person to undue burden."). In light of the granting of the Motions to Quash, the Protective Orders sought are not necessary at this time, and thus the Motions for Protective Order will be denied. In addition, the parties have indicated that they continue to cooperate concerning relevant discovery which is more limited and not unduly burdensome. Because this process is on-going, the Court's denial of the Motions for Protective Order will be without prejudice to renewal in the event that such may become necessary.

**IT IS, THEREFORE, ORDERED** that Clariant's Motions to Quash and for Protective Order [Doc. 1] and Dystar's Motions to Quash and for Protective Order [Doc 3] are hereby **GRANTED** in part and the subpoenas are hereby quashed and the motions for protective orders are hereby **DENIED** without prejudice.

Signed: April 28, 2009

Martin Reidinger
United States District Judge